

# The Attorney General of Texas

March 15, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Neal T. Jones, Jr.
County Attorney for Hill County
Hillsboro, Texas 76645

Opinion No. H-1136

Re: Construction of section 17.99, Texas Education Code.

Dear Mr. Jones:

You inquire whether section 17.99 of the Texas Education Code requires the reclassification of rural high school districts as independent school districts. Section 17.99, which was enacted in 1975 as one section of House Bill 226, reads as follows:

> On September 1, 1978, all common school districts located in a county and in counties with no common school districts, rural high school districts, or independent districts with less than one hundred fifty (150) ADA that do not support county school administration from ad valorem tax revenue generated pursuant to the provisions of Chapter 18 of this code shall be reclassified as independent school districts by the Central Education Agency, and thereafter the districts shall be governed by the provisions of law applicable to independent school districts. Members of the governing boards of a common school district reclassified as an independent school district shall continue to serve as trustees of the district until their respective terms of office expire. Each district shall continue to be governed by the same number of trustees elected for the same terms of office in effect immediately preceding the district's reclassification.

(Emphasis added). Education Code § 17.99; Acts 1975, 64th Leg., ch. 478, at 1277. After studying House Bill 226 with particular attention to the underlined language, we have concluded that section 17.99 does not require the reclassification of any school districts.

House Bill 226 as introduced would have terminated State funding for all county school superintendents, leaving the county and school districts the

option of supporting county school administration. Its six sections, enacted with amendments as sections 17.94 through 17.99 of the Education Code, provided for the abolition of any county school administration that was not funded locally. Section 17.99 in the original version of the bill reclassified as independent school districts all common school districts located in a county that chose not to support county school administration. However, the Senate amended sections 17.94, 17.95, and 17.99 by adding the underlined language. The bill as enacted applied only to "counties with no common school districts, rural high school districts, or independent districts with less than one hundred fifty (150) ADA." See Attorney General Opinion H-1103 (1977).

The Senate Education Committee, which amended section 17.94, discussed this change at a meeting on April 16, 1975. Tape recording of Senate Education Committee, filed in Senate Staff Services Office. It was explained that if a county had one independent school district with less than one hundred fifty average daily attendance, the office of the county superintendent would not be abolished. If the county had one common school district, the office would not be abolished. Thus, the discussion reflected a decision not to end State funding for a county with even one of the enumerated districts.

The amending language was added to sections 17.95 and 17.99 on the Senate floor. Daily Senate Journal, 64th Leg., R.S., 1975, at 938. Its addition to section 17.95 merely conformed it to section 17.94. The addition of the amendment to section 17.99, however, rendered that provision very difficult to interpret. As amended and enacted, section 17.99 applies to "all common school districts located in a county and counties with no common school districts. . . ." (Emphasis added). This description is self-contradictory, and no school district fits it. The provision therefore applies to no school districts, with the effect that no common school districts will be reclassified as independent school districts pursuant to its provisions.

This result, however, is consistent with the apparent legislative purpose expressed during the bill's consideration. The reclassification of common school districts as independent would have prepared them for the loss of county administrative services by enabling them to perform those services themselves. Compare Education Code §§ 22.08 - 22.10 with 23.01 - 23.31. Since the bill as enacted did not withdraw State funding for county school administration in counties with even one common school district, there was no need to increase the powers of those districts. Thus, our conclusion that section 17.99 has no effect actually furthers the legislative intent reflected in House Bill 226 as a whole.

We are aware of a construction that would give section 17.99 some meaning. It could be interpreted as applicable to common school districts located in a county having no school district, whether common, rural, or independent, with less than one hundred fifty average daily attendance. However, the legislative history of the bill and other provisions of the Education Code show that the independent school

district with less than one hundred fifty scholastics belongs in a discrete class of school districts. Educ. Code § 23.02 (independent school district having fewer than one hundred fifty scholastics); § 22.01 (common school district); §§ 25.01, 25.02 (rural high school district). The limitation of one hundred fifty students does not apply to the common and rural districts. We decline to adopt a construction which is contrary to the legislative intent ascertainable from the bill and the Education Code taken as a whole. See State v. School Trustees of Shelby County, 239 S.W.2d 777 (Tex. 1951).

### SUMMARY

Section 17.99 of the Education Code does not require the reclassification as independent districts of any school districts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst